IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BLANCA RUIZ DE VELASCO, §
§
Plaintiff, §
§
VS. § Civil Action No. 3:16-CV-1277-D
§
KROGER TEXAS L.P., §
§
Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed slip and fall action, defendant Kroger Texas L.P. ("Kroger") moves for summary judgment. The court grants the motion in part and denies it in part.[1]

I

Plaintiff Blanca Ruiz De Velasco ("De Velasco")[2] sues defendant Kroger alleging that she suffered personal injuries when she slipped and fell at a Kroger store in Duncanville, Texas after stepping on liquid near the dairy case. Although in her state-court petition she alleges claims for negligence/gross negligence and premises liability, she acknowledges in her response that her claim is for premises liability. *See* P. Br. 2 (stating that "Thus, this is

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2]Plaintiff's name is spelled "De Velasco" in her state-court petition and in her response to Kroger's motion. But in other pleadings, she spells her name "De Velazco." The court will use the spelling in the state-court petition.

a premises liability case.") and 4-9 (addressing only elements of premises liability claim). The court therefore grants in part Kroger's motion for summary judgment to the extent it seeks dismissal of De Velasco's claims for negligence and gross negligence.

II

The court now turns to De Velasco's premises liability claim.

A

As a threshold matter, De Velasco filed in response to Kroger's motion a request for an extension of time to respond, which Kroger opposed. Kroger filed its summary judgment motion on March 13, 2017. De Velasco's response was therefore due by April 3, 2017. *See* N.D. Tex. Civ. R. 7.1(e). De Velasco requested in her motion an extension through June 6, 2017. The motion did not comply with Fed. R. Civ. P. 56(d), so the court did not act on it. De Velasco then filed her response on April 25, 2017, before the court ruled on Kroger's summary judgment motion.

Kroger maintains in its reply brief that the court should disregard De Velasco's response as untimely. But where, as here, the untimeliness of the response has not interfered with the decisional process of the court, the court will not disregard the response. The court denies De Velasco's motion for an extension of time to file her summary judgment response as moot.

B

The court now turns to the merits of Kroger's motion for summary judgment seeking dismissal of De Velasco's premises liability claim.

Kroger maintains that it is entitled to summary judgment on this claim because De Velasco has no evidence that (1) Kroger had actual or constructive knowledge of any hazard; (2) the condition posed an unreasonable risk of harm; (3) Kroger failed to exercise reasonable care to reduce or eliminate the risk posed by the alleged presence of the substance on the floor; and (4) Kroger's alleged failure to use such care proximately caused her alleged injuries.

De Velasco has introduced sufficient evidence to avoid summary judgment.[3] Regarding notice, there is evidence that immediately after De Velasco slipped and fell, a customer advised a Kroger employee of the incident and the presence of the wet substance. The employer responded, "Oh, I thought they had picked it up." P. App. 9. Kroger offers evidence that calls into question whether, when making the alleged statement, the employee was actually referring to the spill that caused De Velasco's fall. *See* D. Reply Br. 7 ("Plaintiff's testimony makes clear that the statement attributed to the Kroger employee could have been referring to a completely different condition that had occurred earlier in the day.").

---

[3]"When this court denies rather than grants summary judgment, it typically does not set out in detail the evidence that creates a genuine issue of material fact." *Valcho v. Dall. Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 812 n.8 (N.D. Tex. 2009) (Fitzwater, C.J.) (citing *Swicegood v. Med. Protective Co.*, 2003 WL 22234928, at *17 n.25 (N.D. Tex. Sept. 19, 2003) (Fitzwater, J.)).

Although a reasonable jury may find Kroger's position persuasive and De Velasco's proof lacking, there is sufficient circumstantial evidence that favors De Velasco to require a trial.

A reasonable jury could also find that the condition posed an unreasonable risk of harm; that Kroger failed to exercise reasonable care to reduce or eliminate the risk posed by the presence of the substance on the floor, because it neither cleaned up the spill nor placed warning cones near the spill; and that Kroger's failure to use such care proximately caused De Velasco's alleged injuries.

* * *

For the reasons explained, Kroger's motion for summary judgment is granted in part and denied in part.

**SO ORDERED**.

August 29, 2017.

                                                SIDNEY A. FITZWATER
                                                UNITED STATES DISTRICT JUDGE